[Cite as *Calhoun, Kademenos, Childress Co., L.P.A. v. Shepherd*, 2011-Ohio-496.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CALHOUN, KADEMENOS, & CHILDRESS CO., L.P.A. | : | JUDGES: |
| | : | |
| | : | Hon. Julie A. Edwards, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2010 CA 0084 |
| RANDY SHEPHERD | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
Common Pleas, Case No. 2009 CV 1434

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     January 20, 2011

APPEARANCES:

For Appellant:

RANDY SHEPHERD, *Pro Se*
3558 Alvin Rd.
Shelby, OH 44875

For Appellee:

LOUIS H. GILBERT
6 W. 3rd St., Suite 200
P.O. Box 268
Mansfield, OH 44901-0268

*Delaney, J.*

{¶1} Defendant-Appellant, Randy Shepherd, appeals the June 2, 2010 judgment entry of the Richland County Court of Common Pleas, which found Appellant was not entitled to judgment or damages on his counterclaims against Plaintiff-Appellee, Calhoun, Kademenos & Childress, Co. LPA ("the Firm").

## STATEMENT OF THE FACTS AND CASE

{¶2} On November 1, 2006, the Firm filed a complaint with the Mansfield Municipal Court, under Case No. 2006CHV03913, seeking payment for legal services rendered on Appellant's behalf in the amount of $620. Appellant filed an Answer on November 30, 2006. On the same day, Appellant filed a counterclaim. On January 8, 2007, the Firm filed a reply to the counterclaim. The certificate of service attached thereto indicated a copy was sent to Appellant by regular U.S. Mail on January 5, 2007. Appellant filed a motion to dismiss the reply, which the Firm opposed, claiming the reply was "at most, four days late." January 17, 2007 Memorandum in Opposition.

{¶3} Appellant filed a motion to amend his counterclaim, seeking damages in excess of the municipal court's jurisdiction. Appellant requested the following in his motion to amend his counterclaim:

{¶4} "1. The Defendant respectfully moves the court to amend his Counter Claim to include all Senior Partners of the firm as advertised on the Firm's Web Page. * * *

{¶5} "* * *

{¶6} "4. Defendant's 5 substantiates Defendants original claim of "bait and switch tactics" better described in Ohio Revised Code. [sic] (ORC) 109:4-3-03 Bait advertising/unavailability of goods. Definition B 1, B 4,a.

{¶7} "* * *

{¶8} "8. The defendant moves the court to find 'all' Senior partners guilty of Telecommunications Fraud ORC 2913 A, B.

{¶9} "* * *

{¶10} "13. The defendant moves the court to award him from each senior partner the original $49,000.00 of his original counterclaim.

{¶11} "14. Wherefore the Defendant demands monetary judgment against the plaintiffs for $245,000.00 in damages.

{¶12} "* * *" (Appellant's Motion for Amendment to Counterclaim Civ.Rule 15 a,b, Rule 26, Jan. 23, 2007).

{¶13} A status conference was held before a magistrate on January 29, 2007. The parties were unable to reach a settlement and the magistrate set the matter for trial. On February 12, 2007, Appellant filed a motion for default judgment. The magistrate issued a report on April 5, 2007. Therein, the magistrate stated he was addressing Appellant's motion for default judgment, the Firm's motion to strike and for leave to respond to the counterclaim. The magistrate noted Civ.R. 12 sets forth a 28 day response time for a counterclaim; therefore, the Firm was required to answer Appellant's counterclaim on or before January 2, 2007. Although the Firm filed its reply to Appellant's counterclaim on January 8, 2007, the magistrate determined, because the matter had not yet been assigned for any hearings on the merits, neither party's position

had changed and neither party had been damaged by the late filing. The magistrate concluded Appellant was not entitled to default judgment because the Firm had filed a reply. The magistrate also denied Appellant's motion to amend his counterclaim.

{¶14} Appellant objected to the Magistrate's Report. On May 3, 2007, the trial court ordered the matter be transferred to the Richland County Court of Common Pleas, finding the allegations contained in the counterclaim could exceed the monetary jurisdiction of the court. The trial court subsequently stayed the transfer and ordered the matter set for hearing before the magistrate on all open motions. Via Magistrate's Report filed September 17, 2007, the magistrate again denied Appellant's motions for default judgment and to amend his counterclaim. The magistrate determined there was no reason for the trial court to transfer the case to the Richland County Court of Common Pleas. Appellant again objected to the Magistrate's Report. The matter proceeded to trial on August 20, 2008. Via Judgment Entry filed November 26, 2008, the trial court approved and adopted the Magistrate's April 5, 2007, and September 17, 2007 reports as order of the court. The trial court granted directed verdict in favor of the Firm on one of the claims in Appellant's counterclaim, and rendered judgment in the Firm's favor on the remaining two claims. The trial court also granted judgment in favor of Appellant on the Firm's claim for its unpaid legal bill in the amount of $620.

{¶15} Appellant appealed the trial court's November 26, 2008 judgment entry to this Court. In *Calhoun, Kademenos, & Childress Co., L.P.A. v. Randy Shepherd*, Richland App. 08CA334, 2009-Ohio-3523 ("*Shepherd I*"), we reversed the judgment of the trial court and remanded the matter for further proceedings. We found it was improper for the trial court to consider the Firm's reply to Appellant's counterclaim

because the reply was filed beyond the time limit in Civ.R. 12(A)(1) and prior leave of court was not given for the untimely filing. We therefore found that the trial court erred in denying Appellant's motion for default judgment on his counterclaim. The matter was remanded to the trial court with the following instructions: "we direct the trial court to proceed to determine Appellant's Motion for Default Judgment in accordance with Civ.R. 55, this opinion and the law." Id. at ¶24.

{¶16} Appellant also argued on appeal that the trial court erred in denying his motion to amend his counterclaim to add additional parties and claims. We found the trial court erred in denying the motion, therefore permitting Appellant to amend his counterclaim to include a request for damages of an amount above the jurisdictional limits on the municipal court.

{¶17} On September 30, 2009, the Mansfield Municipal Court transferred the case to the Richland County Court of Common Pleas. The case, which included the filings from the municipal court, was assigned by the Clerk of Courts the Common Pleas Case No. 2009CV1434.

{¶18} After transfer to the Common Pleas court, the parties barraged the trial court with numerous motions. On May 7, 2010, the trial court issued a lengthy judgment entry resolving the multiple pending motions and to get to the matter of the case as ordered by this Court in *Shepherd I*. We ordered that Appellant's motion for default judgment on his amended counterclaim be resolved pursuant to Civ.R. 55. The trial court determined that pursuant to Civ.R. 55(A), the matter was to be set for a evidentiary hearing in order for Appellant to provide evidence to support his

counterclaims and to prove his damages against the Firm by clear and convincing evidence.

{¶19}  On May 26, 2010, the matter came on for evidentiary hearing.  The trial court issued its judgment entry on June 2, 2010 finding that Appellant was not entitled to damages on the claims raised in his amended counterclaim based on the lack of evidence presented at the hearing.  The trial court dismissed any remaining claims and included Civ.R. 54(B) language in its judgment stating the entry was a final, appealable entry and there was no just cause for delay.  It is from this decision Appellant now appeals.

{¶20}  Appellant has failed to comply with App.R. 16(A)(3) as his Brief does not include "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected."  Appellant has simply provided this Court with arguments captioned "Issues for Review."

{¶21}  Appellant appears to argue in Issues for Review 1, 2, 4, 6, and 7 that the transfer of the case from the Mansfield Municipal Court to the Richland County Court of Common Pleas was improper.  We disagree.

{¶22}  The record shows that it was Appellant who originally requested that the matter be transferred.  On March 30, 2007, Appellant filed a Motion to Transfer the case from the Mansfield Municipal Court to the Richland County Court of Common Pleas.  Further, the amount of damages requested in Appellant's amended counterclaim exceeded the jurisdiction of the municipal court requiring the transfer of the case pursuant to statute.  R.C.1901.17 states, in relevant part: "A municipal court shall have original jurisdiction only in those cases in which the amount claimed by any party * * *

does not exceed fifteen thousand dollars [.]" R.C.1901.22(E) provides: "In any action in a municipal court in which the amount claimed by any defendant in any statement of counterclaim exceeds the jurisdictional amount, the judge shall certify the proceedings in the case to the court of common pleas[.]" See also, Civ.R. 13(J).

{¶23} The issue that Appellant seems to be arguing is that the Richland County Court of Common Pleas case is a new matter, separate and apart from the Mansfield Municipal Court case; and because it is a new matter, it necessitates the Firm to file a new complaint. As the trial court explained in its May 7, 2010 judgment entry, the Richland County Court of Common Pleas Case No. 2009 CV 1434 is the same case as the Mansfield Municipal Court Case No. 2006 CVH 3913. The Richland County Clerk of Courts assigned the matter a new case number pursuant to Civ.R. 3(F)(4).

{¶24} We find no merit to Appellant's first, second, fourth, sixth, and seventh Issues for Review and overrule the same.

{¶25} In Appellant's third Issue for Review, Appellant argues that the trial court erred when it used Civ.R. 54(B) in the June 2, 2010 judgment entry to dismiss any remaining claims or issues pending before the court. We disagree. To be final and appealable an order must comply with both R.C. 2505.02 and Civ.R. 54(B), if applicable.

{¶26} R.C. 2505.02 states in pertinent part:

{¶27} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶28} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶29} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

{¶30} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶31} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶32} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶33} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.* * "

{¶34} Civ. R. 54(B) provides: "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more, but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

{¶35} As determined by the trial court, the only matter pending before the trial court was Appellant's amended counterclaim and Appellant's motion for default judgment pursuant to this Court's ruling in *Shepherd I*. The Firm's original complaint for unpaid legal bills had been heard by the Mansfield Municipal Court and the trial court found that judgment was to be awarded in favor of Appellant. The Firm did not appeal that decision. Upon remand under *Shepherd I*, the remaining claims pending before the trial court were those contained in Appellant's amended counterclaim. On May 7, 2010, the trial court held an evidentiary hearing pursuant to Civ.R. 55 and determined that Appellant was not entitled to judgment or damages on his amended counterclaim. The June 2, 2010 judgment entry was a final decision, disposing of the sole matter pending before the trial court and any other remaining claims in this protracted litigation. The inclusion of the Civ.R. 54(B) language ensured the clear termination of the matter before the trial court.

{¶36} Appellant's third Issue for Review is overruled.

{¶37} In Appellant's arguments under Issue for Review 5, Appellant argues the trial court made "prefatory" statements not supported by law. Appellant makes no identification of the "prefatory" statements in the record or judgment entry to support his argument on appeal. App. R. 12(A)(2) states, "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A)."

{¶38} Although Appellant has proceeded *pro se,* he is nonetheless required to follow the rules and regulations and this Court is not permitted to give unnecessary

leeway to him because he does not have legal counsel. *Lamp v. Lamp*, Muskingum App. No. CT2005-0045, 2006-Ohio-3135, ¶26. We hereby disregard Appellant's fifth Issue for Review pursuant to App.R. 12(A).

{¶39} Finally, Appellant states in his eighth Issue for Review that the trial court erred in its application of *Shepherd I* in failing to award damages to Appellant. We disagree.

{¶40} Appellant did not file a transcript of the May 26, 2010 hearing in compliance with App. R. 9(B) and Appellant has not complied with App.R. 9(C) if a transcript of the May 26, 2010 hearing was unavailable. Therefore, this Court is required to presume regularity in the record. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384.

{¶41} Appellant's eighth Issue for Review is overruled.

{¶42} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.

Edwards, P.J. and

Gwin, J. concur.

 

 

HON. PATRICIA A. DELANEY

 

 

HON. JULIE A. EDWARDS

 

 

HON. W. SCOTT GWIN

[Cite as *Calhoun, Kademenos, Childress Co., L.P.A. v. Shepherd*, 2011-Ohio-496.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CALHOUN, KADEMENOS, CHILDRESS, HEIKLE LPA | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | JUDGMENT ENTRY |
| | : | |
| -vs- | : | |
| | : | |
| RANDY SHEPHERD | : | |
| | : | Case No. 2010 CA 0084 |
| | : | |
| Defendant-Appellant | | |

 

For the reasons stated in our accompanying Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to Appellant.

 

---

HON. PATRICIA A. DELANEY

 

---

HON. JULIE A. EDWARDS

 

---

HON. W. SCOTT GWIN