[Cite as *State v. Roehrig*, 2015-Ohio-5187.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  4-15-15

    v.

PAUL B. ROEHRIG III,                   **O P I N I O N**

    DEFENDANT-APPELLANT.

**Appeal from Defiance Municipal Court**
**Trial Court No. TR15-1386A&B**

**Judgment Reversed and Cause Remanded**

**Date of Decision:   December 14, 2015**

APPEARANCES:

    *Ian A. Weber* **for Appellant**

    *Carson L. Slade* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Paul B. Roehrig III, appeals the July 6, 2015 "nunc pro tunc" judgment entry of the Defiance Municipal Court amending its July 2, 2015 judgment to reflect the suspension of Roehrig's operator's license for six months commencing on July 2, 2015. On appeal, Roehrig argues that the trial court lacked the authority to impose a more restrictive license suspension in the "nunc pro tunc" entry than the one it imposed on the record at the original sentencing hearing.

{¶2} On March 28, 2015, Roehrig was stopped and arrested for OVI, in violation of R.C. 4511.19(A)(1)(a), and a tail light and license plate light offense, in violation of R.C. 4513.05. Roehrig initially entered a plea of not guilty.

{¶3} On July 2, 2015, Roehrig appeared in open court to enter a guilty plea pursuant to an agreement with the state. In exchange for tendering his guilty plea, the state moved for leave to amend the OVI charge to a charge of Reckless Operation as a second offense, in violation of R.C. 4511.20. The state recommended the following sentence: a Two Hundred and Fifty Dollar fine and costs, thirty days in jail, with twenty-seven days suspended on the condition that Roehrig not commit any similar infractions for a period of two years, and a six-month suspension of Roehrig's operator's license effective March 28, 2015. The state also moved to dismiss the tail light and license plate light violation.

{¶4} At the hearing, the trial court permitted the state to amend the charge and accepted Roehrig's guilty plea. The trial court imposed the following sentence on the record.

> **We will follow the recommendation on the amended charge. It will be a Two Hundred Fifty Dollar fine, court costs, thirty days and *a six-month license suspension relating back to the date of the stop, March 28th*. Limited driving privileges could be granted for the balance of that suspension upon proof of insurance and a letter outlining what you would need for those limited driving privileges. They'll help you out with that at the Clerk's office. Your ALS will be vacated as a result of pleading to this charge, and we'll substitute the driver intervention program for the three days in jail.**

(Doc. No. 26 at 3) (emphasis added).

{¶5} The trial court issued a judgment entry journalizing its acceptance of Roehrig's guilty plea and the imposition of the sentence stated above. Specifically, the trial court imposed in its judgment entry a six-month suspension of Roehrig's operator's license effective March 28, 2015.

{¶6} Four days later, on July 6, 2015, for reasons not apparent in the record, the trial court *sua sponte* issued a "nunc pro tunc" judgment entry implementing the following orders:

> **Defendant appeared for a change of plea on the 2nd day of July, 2015, and the Court suspended his operator's license for a period of six (6) months effective March 28, 2015;**
>
> **WHEREUPON, the Court does hereby ORDER that the Judgment Entry file stamped July 2, 2015, be amended to reflect**

**that the defendant's operator's license is suspended for a period of six (6) months commencing on July 2, 2015.**

**All Orders contained in the Judgment Entry file-stamped July 2, 2015, in the above captioned matter not affected by this amendment shall remain in full force and effect.**

**SO ORDERED.**

(Doc. No. 16).

{¶7} This appeal followed with Roehrig asserting the following assignment of error.

**THE TRIAL COURT LACKED THE AUTHORITY TO RESENTENCE APPELLANT IMPOSING A MORE SERVERE AND RESTRICTIVE SENTENCE AFTER IMPOSITION OF THE ORIGINAL SENTENCE, AND IS CONTRARY TO LAW.**

{¶8} In his sole assignment of error, Roehrig contends that the trial court lacked the authority to amend its former judgment because there was no clerical error or mistake that could be corrected under Crim.R. 36.  Roehrig further claims the trial court erred in modifying its final criminal judgment because it imposed a more restrictive sanction than the one announced on the record at sentencing and journalized in the original judgment entry when it *sua sponte* amended the effective date delaying the commencement of his six-month operator's license suspension.  Notably, the state concedes that the trial court's actions amounted to a "resentencing" which it lacked the authority to do.

{¶9} It is well-settled that trial courts lack authority to reconsider their own valid final judgments in criminal cases, with two exceptions: (1) when a void sentence has been imposed, and (2) when the judgment contains a clerical error. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 14; *State v. Burton*, 12th Dist. Clermont No. CA2013–09–071, 2014-Ohio-1692, ¶ 13. With respect to the second exception, trial courts possess the authority to correct errors in judgment entries so that the record speaks the truth. *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-164 (1995); *see also* Crim.R. 36 (providing that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time)." Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and do not involve a legal decision or judgment. *Miller* at ¶ 15.

{¶10} Nunc pro tunc entries are used to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 18. Thus, "[a] court may not use a nunc pro tunc entry to impose a sanction that the court did not impose as part of the sentence." *Miller* at syllabus.

{¶11} The transcript of the proceedings establishes that the trial court imposed a six-month suspension of Roehrig's operator's license effective March

28, 2015. The original July 2, 2015 judgment entry accurately reflected the license suspension imposed by the trial court on the record. Thus, the record is devoid of any evidence invoking the trial court's authority under Crim.R. 36 to issue a nunc pro tunc for the purpose of correcting a clerical error, mistake, or omission in the record. Moreover, we have found no authority permitting the trial court to modify a final criminal sentence after journalization. *See generally State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553 (explaining the general rule that a trial court lacks authority to modify a final criminal judgment). Accordingly, we find merit in Roehrig's argument that the trial court lacked authority to modify the July 2, 2015 sentencing entry after journalization of the criminal conviction and sentence.

{¶12} Based upon the foregoing, the assignment of error is sustained and we reverse the July 6, 2015 judgment and remand the matter to the trial court for execution of the original sentence.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**