[Cite as *E.H. v. T.S.*, 2015-Ohio-5444.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

E.H.,

        PETITIONER-APPELLEE,

    v.

T.S.,

        RESPONDENT-APPELLANT.

CASE NO. 6-15-07

O P I N I O N

Appeal from Hardin County Common Pleas Court
Juvenile Division
Trial Court No. MS 20152001

**Judgment Reversed**

Date of Decision:  December 28, 2015

APPEARANCES:

    *Rocky Ratliff* for Appellant

**WILLAMOWSKI, J.**

{¶1} T.S. ("Respondent") brings this appeal from the judgment of the Hardin County Court of Common Pleas, Juvenile Division granting a civil protection order ("CPO") to E.H. ("Petitioner"). For the reasons set forth below, the judgment of the trial court is reversed.

{¶2} This case arises from an incident on May 21, 2015. Doc. 14. Two middle school students were arguing and began pushing and shoving each other. Petitioner alleged that Respondent swung a glass bottle at her, but missed. The bell rang and the two students went to class and interacted at their lockers without further incident. The next week on May 26, 2015, Petitioner, through her mother, filed a petition for a juvenile CPO requesting that Respondent be ordered to stay at least ten feet away from petitioner at all times. Doc. 1. An emergency ex parte hearing was held that same day and the CPO was granted. Petitioner was told that a tentative full hearing date was set for June 5, but was informed that the final date would be sent to her. Ex Parte Hearing Tr. 9. The reason for the tentative date was that the judge did not have his calendar with him and informed Petitioner he would need to check the calendar before setting a hearing date. *Id*. Petitioner indicated that she understood this at that time. *Id*. That same date, the CPO was served on Petitioner and stated that the full hearing would be held on June 3, 2015, at 8:30 a.m. Doc. 2. According to the return of service, the CPO was personally

handed to Petitioner and her mother on May 26, 2015. Doc. 4. Thus, Petitioner received actual notice of the full hearing date.

{¶3} On June 3, 2015, the hearing commenced at 8:30 as scheduled with all parties and witnesses present except for Petitioner. Appellant's Brief, 20. The trial court then entered a judgment entry indicating that due to Petitioner's failure to appear at the full hearing, the petition was dismissed. Doc. 8. No conditions were placed upon the dismissal and it was filed in the docket on June 3, 2015. *Id.* Two days later, the trial court sua sponte reversed the dismissal order claiming it was "done in error" without any explanation as to what the error was. Doc. 9. A full hearing was then held on June 16, 2015. The trial court granted the CPO. Doc. 14. Respondent filed a notice of appeal and on appeal raises the following assignments of error.

### First Assignment of Error

**The trial court did not have sufficient evidence to show that (1) [Respondent] committed the offense of Menacing pursuant to R.C. 2903.22 and (2) that [Petitioner] was at risk of future harm from [Respondent], and thus, there was insufficient evidence to grant the [CPO] protecting [Petitioner] from [Respondent].**

### Second Assignment of Error

**The trial court's granting of a juvenile [CPO] protecting [Petitioner] from [Respondent] was against the manifest weight of the evidence that (1) [Respondent] committed the offense of Menacing pursuant to R.C. 2903.22 and (2) that [Petitioner] was at risk of future harm from [Respondent].**

**Third Assignment of Error**

**The trial court dismissed the petition for [CPO] for failing to attend the scheduled final hearing, and did not have jurisdiction to reopen the case and proceed to final hearing.**

**Fourth Assignment of Error**

**The trial court erred by asking witnesses questions on behalf of the Petitioner.**

This court notes that Petitioner did not file a brief on appeal.

{¶4} As the third assignment of error is jurisdictional, we will address it first. In the third assignment of error, Respondent claims that the trial court erred by sua sponte reopening the case after the petition was dismissed. The Supreme Court of Ohio has routinely held that "when a trial court unconditionally dismisses * * * the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction." *Paige v. Riley*, 85 Ohio St.3d 621, 623, 710 N.E.2d 690 (1999). *See also State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853 and *Infine Security Solutions, L.L.C. v. Karam Properties II, LTD.*, 143 OhioSt.3d 346, 2015-Ohio-1101, 37 N.E.2d 3d 1211.

{¶5} Here, the trial court sua sponte decided to reopen a case that was unconditionally dismissed. No motion pursuant to Civil Rule 60(B) and no new petition was filed by Petitioner. The trial court alleged that it reopened the case to correct an error, but a review of the record does not reveal any error by the court.

Petitioner was given actual notice of the hearing day, just like the Respondent. The only error was that of Petitioner not appearing at the full hearing. Additionally, the record reveals no request by Petitioner for the case to be reopened. The trial court "patently and unambiguously" lacked jurisdiction to sua sponte reopen the case. Because the trial court lacked jurisdiction to reopen the case, any further judgments after the dismissal were null and void. The third assignment of error is therefore sustained.

{¶6} Having determined that the trial court lacked jurisdiction to *sua sponte* reopen the case after unconditionally dismissing it, the trial court had no authority to hold a new hearing or issue the CPO. The judgment granting the CPO is null and void. Thus, the remaining assignments of error are moot and need not be addressed by this court. App.R. 12(A)(1)(c).

{¶7} Accordingly, for the aforementioned reasons, it is the order of this Court that the Judgment Entry of the Court of Common Pleas of Hardin County, Juvenile Division is reversed and remanded to the trial court with instruction to vacate the CPO issued on June 30, 2015.

***Judgment Reversed***

**ROGERS, P.J. and SHAW, J., concur.**

**/hlo**