[Cite as *State v. Sutherly*, 2016-Ohio-1574.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,          CASE NO. 1-15-34

    v.

CODY J. SUTHERLY,              **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Lima Municipal Court

Trial Court No. 14CRB3763

Judgment Reversed

Date of Decision:    April 18, 2016

APPEARANCES:

    *Joseph A. Benavidez* **for Appellant**

    *John R. Payne* **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, Cody Sutherly, appeals the judgment of the Lima Municipal Court convicting him of one count of public indecency and sentencing him to 180 days in jail, 90 of which were suspended, and imposing a fine and court costs. On appeal, Sutherly argues that the verdict was not supported by sufficient evidence. Further, he argues that the verdict was against the manifest weight of the evidence. For the reasons that follow, we reverse the judgment of the trial court.

{¶2} On October 27, 2014, a criminal complaint was filed in the Lima Municipal Court charging Sutherly with one count of public indecency in violation of R.C. 2907.09(A)(3), a misdemeanor of the first degree. An amended complaint was filed on November 14, 2014, charging Sutherly with the same crime, but omitted reference to the degree of misdemeanor being charged.

{¶3} On December 10, 2014, the case was dismissed without prejudice because the State had failed to serve Sutherly with the Summons. This dismissal was vacated, purportedly due to a clerical error, on December 16, 2014.

{¶4} Sutherly entered a plea of not guilty on December 26, 2014.

{¶5} The matter proceeded to a jury trial held on August 7, 2015. After deliberating, the jury found Sutherly guilty of public indecency. The case proceeded immediately to sentencing. The trial court sentenced Sutherly to 180

days in jail, 90 of which were suspended, and imposed a fine of $250 and court costs.

**{¶6}** Sutherly filed this timely appeal, presenting the following assignment of error for our review.

*Assignment of Error*

**THE JURY ERRED IN FINDING APPELLANT GUILTY AS THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF [SIC] EVIDENCE AND THERE WAS INSUFFICIENT EVIDENCE TO HAVE FOUND ALL ESSENTIAL ELEMENTS OF THE OFFENSE BEYOND A REASONABLE DOUBT.**

**{¶7}** Before we can address the merits of Sutherly's appeal, we must first determine if the trial court possessed jurisdiction to vacate its dismissal of the amended complaint. Although jurisdiction was not raised by anyone in this case, this court is "bound to raise any jurisdictional questions not raised by the parties." *Levinsky v. Boardman Twp. Civ. Serv. Comm.*, 7th Dist. Mahoning No. 04 MA 36, 2004-Ohio-5931, ¶ 26. Accordingly, on February 17, 2016, this court issued an entry ordering the parties to brief the following two issues: (1) whether the "error," which served as the trial court's basis for vacating the dismissal, was in fact clerical; and (2) whether the trial court retained jurisdiction to vacate its previous order.

**{¶8}** On February 29, 2016, the State filed a motion to supplement the appellate record pursuant to App.R. 9(D). In its motion, the State sought to

include a copy of the original summons, which included a file stamp performed by the officer charged with servicing the summons, that it argued would clarify the State's position. Specifically, the State argued that the "clerical error" was when the officer file stamped and returned the summons to the clerk's office for the reason of being expired on December 1, 2014. The summons was filed in the clerk's office on December 2, 2014. However, the time had not expired as of December 1, 2014. Thus, the State seeks to supplement the record to include a copy of the original summons to the amended complaint, which shows the file stamp prepared by the officer. Upon review, the State's motion to supplement the record is granted.

{¶9} The same day, the State filed its supplemental brief addressing the questions posed by this court.[1]

{¶10} "It is well-settled that trial courts lack authority to reconsider their own valid judgments in criminal cases, with two exceptions: (1) when a void sentence has been imposed, and (2) when the judgment contains a clerical error." *State v. Roehrig*, 3d Dist. Defiance No. 4-15-15, 2015-Ohio-5187, ¶ 9, citing *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 14 and *State v. Burton*, 12th Dist. Clermont No. CA2013-09-071, 2014-Ohio-1692, ¶13.

---

[1] Sutherly did not file a supplemental brief addressing the questions contained in this court's February 17, 2016 order.

{¶11} Crim.R. 36 grants trial courts the power to correct clerical mistakes in a judgment sua sponte. A clerical error or mistake has been defined as "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 18. Importantly, "While courts have inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, nunc pro tunc entries are limited in proper use to reflecting what the court *actually decided*, and not what the court might or should have decided or what the court intended to decide." (Emphasis sic) *State v. Waltz*, 12th Dist. Clermont No. CA2013-10-077, 2014-Ohio-2474, ¶ 16, citing *Lester* at ¶ 18.

{¶12} Clerical errors are not limited to mistakes made by a clerk. Rather, "[t]he phrase merely describes the type of error identified with mistakes in transcription, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks but which papers or documents may be handled by others." *Oliva v. Maurer*, 8th Dist. Cuyahoga No. 60298, 1991 WL 68857, *1 (May 2, 1991). "A decision as to whether the file stamp date on a document is incorrect would certainly fall under Civ.R. 60(A)." *State v. Miller*, 4th Dist. Ross Nos. 99CA2506, 00CA2539, 2000 WL 1273467, *2 (Aug. 31, 2000) (analyzing whether the incorrect date on the file stamp constituted a clerical error).

{¶13} The December 10, 2014 dismissal, in this case, was a valid judgment. It did not involve Sutherly's sentence. Therefore, the only way the trial court could reconsider its decision was if there was a clerical error contained in the dismissal. The State argues that the officer's return of the summons as being expired constituted a clerical error. We are not persuaded.

{¶14} Although the officer may have made a mistake by returning the summons as expired when, in reality, it was not expired, there is no possible way to interpret this mistake as a clerical error for the purposes of Crim.R. 36. Corrections made under either Crim.R. 36 or Civ.R. 60(A) are appropriate so that the record speaks the truth. Therefore, in one case, a nunc pro tunc entry was appropriate to correct the filing date of a petition for post-conviction relief originally found to have been untimely filed. *See Miller* at *2. In *Miller*, the petition was received by the clerk's office on August 2, but was file stamped on August 3. *Id.* at *1. This caused the defendant's petition to be untimely, and therefore his Civ.R. 60(A) motion should have been granted. *Id.* at *3.

{¶15} On the date the officer file stamped the summons as being "returned unserved," Sutherly had yet to be served with the summons. There was no inaccuracy in that respect. In regard to clerical errors, courts are most concerned with having the record accurately reflect what actually occurred. Here, there is nothing in the record to suggest that the officer inadvertently returned the

summons for failure to serve Sutherly when he or she had, in fact, served Sutherly. Rather, the face of the summons clearly shows that Sutherly was not served at the time the summons was returned. Although the servicing officer was incorrect with his or her conclusion that the time for service had expired, this does not change the fact that the summons was returned as being unserved. Nunc pro tunc entries are only appropriate to correct the record so that it speaks the truth. In this case, the summons speaks the truth because Sutherly had not been served when it was returned.

{¶16} Irrespective of our finding that the mistake in this case did not constitute a clerical error, the State argues that the trial court retained jurisdiction because the court's original dismissal was a voidable judgment. Assuming, arguendo, that the State is correct in its opinion that the original dismissal was voidable, this does not change the outcome of this case. A voidable judgment remains a binding legal judgment unless the party seeking to invalidate the judgment takes the proper steps to do so. *See State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, ¶ 7 (9th Dist.), quoting *Tari v. State*, 117 Ohio St. 481, 493-494 (1927). In this case, no motion or appeal was filed by the State attacking the validity of the dismissal. Rather, the trial court, sua sponte, vacated its earlier dismissal. Thus, we find that the dismissal remains a final judgment in this case.

{¶17} Further, this court has recently found that a trial court lacks jurisdiction to reopen a case, sua sponte, which was previously dismissed. *See E.H v. T.S.*, 3d Dist. Hardin No. 6-15-07, 2015-Ohio-5444, ¶ 5. We see no reason to find otherwise in this case. Thus, the trial court lacked jurisdiction to vacate its previous dismissal. As a result, Sutherly's conviction and sentence are rendered void.

{¶18} Given our resolution of the case, Sutherly's assignment of error is rendered moot. App.R. 12(A)(1)(c).

{¶19} Having found error prejudicial to Sutherly, we reverse Sutherly's conviction and sentence.

*Judgment Reversed*

**WILLAMOWSKI, J., concurs in judgment only.**

**SHAW, P.J., dissents.**

**/jlr**