[Cite as *Osborne v. Kroger Co.*, 2020-Ohio-6757.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jeffrey K. Osborne, | : | |
| Plaintiff-Appellant, | : | No. 19AP-869 |
| | | (C.P.C. No. 18CV-6783) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| The Kroger Co., | : | |
| Defendant-Appellee, | : | |
| The Donahey Law Firm, LLC, | : | |
| Intervenor-Appellee. | : | |

D E C I S I O N

Rendered on December 17, 2020

**On brief**: *Beausay and Nichols Law Firm*, and *Sara C. Nichols*, for appellant.

**On brief**: *James E. Arnold & Associates, LPA*, *James E. Arnold*, and *Gerhardt A. Gosnell II*, for intervenor-appellee, The Donahey Law Firm, LLC.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by plaintiff-appellant, Jeffrey K. Osborne, from a judgment of the Franklin County Court of Common Pleas vacating its prior decision granting appellant's Civ.R. 60(B) motion for relief from judgment and denying the motion for relief.

{¶ 2} On August 8, 2018, appellant filed a complaint against defendant-appellee, the Kroger Co. ("Kroger"), alleging negligence on the part of a Kroger employee in filling a drug prescription. The case was referred to a magistrate of the trial court for mediation.

On January 11, 2019, the magistrate issued a report on mediation indicating the parties had reached an agreement to settle the case.  On January 25, 2019, the trial court filed an entry of dismissal with prejudice.

{¶ 3}  On February 6, 2019, appellant filed combined motions seeking: (1) relief from judgment, pursuant to Civ.R. 60(B), and (2) post-settlement interest.  In the motion for relief, appellant requested an order vacating the dismissal entry filed January 25, 2019 "so that this Court may retain jurisdiction for purposes of enforcing the parties' 01/11/2019 settlement, as Mr. Osborne has not yet received a settlement draft from The Kroger Co." (Appellant's Mot. for Relief at 1.)  Appellant further argued surprise, under Civ.R. 60(B)(1), asserting that a non-party law firm (the Donahey Law Firm) had asserted a spurious claim for attorney fees after the settlement.

{¶ 4}  On February 20, 2019, Kroger filed a memorandum in response to appellant's motion for relief from judgment and motion for post-settlement interest.   In its memorandum, Kroger did not object to appellant's motion to vacate the dismissal entry for purposes of implementing the settlement, but opposed appellant's request for post-settlement interest.  Kroger also moved the trial court to: (1) interplead the settlement funds with the court for determination and distribution, and (2) dismiss Kroger from the action.

{¶ 5}  On June 28, 2019, the trial court filed an entry and order granting Civ.R. 60(B) relief to appellant.  That entry stated in part: "The court will resume jurisdiction to the limited extent that it may issue additional orders to resolve any disputes involving the settlement." (Entry at 2.)  The trial court also denied appellant's request for post-settlement interest and granted Kroger's motion to interplead the full amount of the settlement funds.

{¶ 6}  By entry and order issued August 9, 2019, the trial court, noting that appellant "has received the agreed upon Settlement proceeds," and that "a draft in the amount of disputed attorneys' fees has been deposited with the Clerk of Courts," dismissed Kroger from the action with prejudice.  (Entry and Order at 1.)  The entry further provided: "The Court retains jurisdiction of the attorney fees issue only as between Plaintiff Jeffery Osborne and the Donahey Law Firm." (Entry and Order at 1.)

{¶ 7}  On August 12, 2019, the Donahey Law Firm filed a motion to intervene, as well as a complaint to intervene and an application for attorney fees.  On August 23, 2019,

appellant filed a memorandum in opposition to the Donahey Law Firm's motion to intervene.

{¶ 8}    On November 25, 2019, the trial court filed an entry and order stating in part: "The Court, *sua sponte* reviewed the January 25, 2019 termination order, and now changes its decision on Plaintiff's Civ.R. 60(B) motion holding that it did not have jurisdiction to grant any relief after the case was terminated on January 25." (Entry and Order at 2.)  The court therefore "revise[d] its previous decision" granting Civ.R. 60(B) relief to appellant and denied "such motion."  (Entry and Order at 2.)  The court's entry also denied the Donahey Law Firm's motion to intervene.

{¶ 9}    On appeal, appellant sets forth the following assignment of error for this court's consideration:

> The trial court erred and abused its discretion when, in its 11/25/2019 Entry and Order, it vacated its earlier final order granting 60(B) relief to Mr. Osborne.

{¶ 10} Under his single assignment of error, appellant asserts the trial court erred in vacating its earlier order granting his request for relief under Civ.R. 60(B).  Specifically, appellant argues the trial court had no authority to sua sponte vacate its order of June 28, 2019, granting appellant's motion for relief from judgment, as it was neither preceded by a Civ.R. 60(B) motion, nor supported by Civ.R. 60(A).  We agree and therefore reverse.

{¶ 11} As noted under the facts, appellant's Civ.R. 60(B) motion, filed February 6, 2019, requested the trial court vacate the dismissal entry of January 25, 2019.  The trial court granted appellant Civ.R. 60(B) relief by entry and order filed June 28, 2019. However, by entry and order filed November 25, 2019, the trial court, after "sua sponte" reviewing its January 25, 2019 termination order, vacated its June 28, 2019 decision granting Civ.R. 60(B) relief to appellant.  (Nov. 25, 2019 Entry and Order at 2.)

{¶ 12} In general, "[t]he decision to grant a Civ.R. 60(B) motion in favor of the moving party is a final order." *Natl. City Bank v. Reat Corp.*, 64 Ohio App.3d 212, 216 (8th Dist.1989).  *See also Sadraoui v. Hersi*, 10th Dist. No. 10AP-849, 2011-Ohio-3160, ¶ 9, quoting R.C. 2505.02(B)(3) (trial court's order granting 60(B) motion and vacating judgment is a final order as one that 'vacates or sets aside a judgment' ").  Further, "Civ.R. 60(B) provides 'the exclusive grounds which must be present and the procedure which must be followed in order for a court to vacate its own judgment.' " *Rice v. Bethel Assocs., Inc.*,

35 Ohio App.3d 133, 134 (9th Dist.1987). *See also Coffman v. Coffman*, 2d Dist. No. 94-CA-104 (June 28, 1995) (Civ.R. 60 provides "the procedural vehicle by which a court may vacate a previous order or judgment.").

{¶ 13} We note that "Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments." *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100 (1996), citing *Londrico v. Delores C. Knowlton, Inc.*, 88 Ohio App.3d 282, 285 (9th Dist.1993). A " 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." *Id.*

{¶ 14} Civ.R. 60(B) "governs substantive mistakes." *Coffman.* In contrast to the provisions of Civ.R. 60(A), "there is no provision in Civ.R. 60(B) which allows a trial court to vacate a judgment on its own initiative." *Id.* Rather, that rule "clearly states that 'the proper procedure for obtaining any relief from a judgment shall be by motion.' " *Id.,* quoting Civ.R. 60(B). Accordingly, "courts have consistently held that a court is without authority to *sua sponte* vacate a judgment under Civ.R. 60(B)." *Id. See also Parker v. Allstate Property & Cas. Ins. Co.*, 7th Dist. No. 12 BE 2, 2012-Ohio-6278, ¶ 34 (Civ.R. 60(B) "cannot be applied by a court sua sponte."); *Ohio Receivables, LLC v. Landaw*, 9th Dist. No. 09CA0053, 2010-Ohio-1804, ¶ 6 ("[w]hen neither party has petitioned the court for modification of a judgment entry, the court may not effectively vacate a prior order by entering a new one sua sponte"); *Fraley v. Columbus Mobility Specialists, Inc.,* 10th Dist. No. 04AP-712, 2005-Ohio-361, ¶ 9 (where neither party filed a motion, pursuant to Civ.R. 60(B), requesting court to change prior judgment, trial court erred in vacating judgment on its own initiative where "court's change was not clerical, but involved a matter of substance").

{¶ 15} In the present case, the trial court's decision vacating its prior entry in which it granted appellant relief from judgment was "a fundamental change in the court's position" and, as such, was "an attempt to correct a substantive mistake." *Coffman.* Further, at the time the trial court vacated its prior order, the record indicates no pending Civ.R. 60(B) motion by a party (nor notice to the parties had such a motion been filed). Absent a motion from a party, we agree with appellant that the trial court was without

authority to sua sponte vacate its prior order granting the motion for relief from judgment. Accordingly, we sustain appellant's single assignment of error.

{¶ 16} Based on the foregoing, appellant's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed;*
*cause remanded.*


SADLER, P.J., and DORRIAN, J., concur.

_____