[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Javitch Block, L.L.C. v. Wollscheid*, Slip Opinion No. 2026-Ohio-1923.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-1923

THE STATE EX REL. JAVITCH BLOCK, L.L.C., ET AL. *v.* WOLLSCHEID, JUDGE, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Javitch Block, L.L.C. v. Wollscheid*, Slip Opinion No. 2026-Ohio-1923.]

*Prohibition—Mandamus—Procedendo—Jurisdictional-priority rule—Once a court properly reinstates a case, the court generally has jurisdiction to proceed in the case—Municipal-court judge did not patently and unambiguously lack jurisdiction to order clerk of courts to docket answer and counterclaims or to reinstate debt-collection action filed by relators before certifying it to court of common pleas—Jurisdictional-priority rule does not apply to impede municipal court's jurisdiction—Writs denied.*

(No. 2025-0663—Submitted April 14, 2026—Decided May 28, 2026.)

IN PROHIBITION, MANDAMUS, and PROCEDENDO.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} In this original action, relators, Javitch Block, L.L.C., and Javitch attorney Annemarie Wodzisz, request writs of prohibition, mandamus, and/or procedendo. They seek to prevent respondents, Judge Susan Wollscheid of the Washington Court House Municipal Court and Judge David Bender of the Fayette County Court of Common Pleas, from exercising jurisdiction over a debt-collection case known as *Miller II*. Relators are counsel for the plaintiff in *Miller II*. They argue that both judges lack jurisdiction over *Miller II* because of Judge Wollscheid's previous dismissal of the case and because of the jurisdictional-priority rule.

{¶ 2} Because the court of common pleas does not patently and unambiguously lack jurisdiction over *Miller II*, we deny the writs.

## I. FACTUAL, LEGAL, AND PROCEDURAL BACKGROUND

### A. Factual and legal background

{¶ 3} A municipal court has original jurisdiction in cases in which the amount claimed by any party does not exceed $15,000. R.C. 1901.17. However, "[i]n any action in a municipal court in which the amount claimed by any defendant in any statement of counterclaim exceeds the jurisdictional amount, the judge shall certify the proceedings in the case to the court of common pleas, except in the Cleveland municipal court." R.C. 1901.22(E); *see* Civ.R. 13(J).

{¶ 4} In 2021, UHG I, L.L.C., filed a lawsuit in the municipal court against intervening-respondent, Angel Miller, to collect on a debt. *UHG I, L.L.C. v. Miller*, Washington Court House M.C. No. CVF 2100492 ("*Miller I*"). Miller counterclaimed and asserted a putative class action. Because the monetary amount of the counterclaims exceeded the jurisdiction of the municipal court, Judge

Wollscheid certified the case to the court of common pleas, where the case is ongoing. *See* Fayette C.P. No. CVH20220397. Relators were not UHG's counsel in *Miller I.*

{¶ 5} In 2024, UHG, represented by relators, filed a second lawsuit against Miller in the municipal court to collect on the debt at issue in *Miller I. UHG I, L.L.C. v. Miller*, Washington Court House M.C. CVF 2400801 ("*Miller II*"). Miller mailed an answer and counterclaims to the clerk of court, and they were delivered to the clerk on October 18, one business day before they were due. The counterclaims asserted a putative class action against UHG and relators, alleging statutory and common-law claims, including violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. For an unknown reason, however, the clerk of court did not immediately process or docket the answer and counterclaims.

{¶ 6} On October 23, two days after Miller's time to answer had expired, Judge Wollscheid sua sponte dismissed the case after realizing that relators were attempting to collect on the debt at issue in *Miller I.* She avers that she did so before she knew about Miller's attempted answer and counterclaims. Thereafter, the clerk's office processed Miller's answer and counterclaims, but because the case had already been dismissed, the answer and counterclaims were not docketed. Instead, they were returned to Miller's counsel.

{¶ 7} On December 13, Miller moved under R.C. 2701.20(B) for an order directing the clerk of court to file her answer and counterclaims. In her motion, she also asked that the requested order direct the clerk to "designate the case as active for adjudication of Counterclaims." Judge Wollscheid did not expressly grant the motion, but she considered it, found that Miller had timely submitted her answer and counterclaims, and ordered the clerk to docket them and to "designate the case active for adjudication of the Counterclaims." Later, after determining that her order dismissing the case was void because the monetary amount of the

counterclaims exceeded the municipal court's jurisdiction, Judge Wollscheid certified the case to the court of common pleas. *See* R.C. 1901.22(E). The order stated that the case was "certified, in its entirety"—not just the counterclaims. *Miller II* remains pending before Judge Bender in the court of common pleas. *See* Fayette C.P. No. CVH20250218.

### B. Procedural background

{¶ 8} In an amended complaint filed on June 20, 2025, relators request a writ of prohibition preventing Judge Bender from exercising jurisdiction over *Miller II* and a writ of mandamus ordering him to dismiss the case. Alternatively, they seek writs of mandamus and procedendo ordering Judge Bender to transfer *Miller II* back to Judge Wollscheid and ordering her to then dismiss the case.

{¶ 9} Judges Wollscheid and Bender answered. In addition, Miller moved to intervene as a respondent. We granted Miller's motion and issued alternative writs, setting a schedule for the filing of evidence and briefs. 2025-Ohio-5079. The parties have filed evidence and merit briefs.

## II. ANALYSIS

### A. Relators' motion to certify the record

{¶ 10} On the same day relators submitted their evidence, they also filed a "motion for order to certify the record." They ask that we order the clerk of the municipal court and the clerk of the court of common pleas to certify the records in *Miller I* and *Miller II*. They also ask that the requested order be "similar to that issued pursuant to Rules 15.03 and 15.06 of the Rules of Practice of the Supreme Court of Ohio."

{¶ 11} S.Ct.Prac.R. 15.03 and 15.06 pertain to the certification and transmission of the record in appeals to this court. Indeed, these rules apply to "every case *on appeal* to the Supreme Court from a court of appeals." (Emphasis added.) S.Ct.Prac.R. 15.02. In contrast, this case is an original action filed under S.Ct.Prac.R. 12, and S.Ct.Prac.R. 12.06 provides that parties may submit their own

evidence. Many prohibition actions relate to lower-court proceedings, but S.Ct.Prac.R. 12 does not contain a provision analogous to S.Ct.Prac.R. 15.03 and 15.06. Nor do relators explain why we should make an exception in this case. They submitted as evidence parts of the records in *Miller I* and *Miller II* and could have submitted any additional parts that they believed necessary for resolution of this action. Therefore, we deny the motion.

### B. Writ standards

{¶ 12} Relators request writs of prohibition, mandamus, and/or procedendo. The linchpin of relators' case is the allegation that the municipal court lacked jurisdiction over *Miller II* when certifying it to the common pleas court. Relators' action thus primarily sounds in prohibition.

{¶ 13} To be entitled to a writ of prohibition, relators must establish that (1) Judges Wollscheid and Bender are about to exercise or have exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) relators lack an adequate remedy in the ordinary course of the law. *State ex rel. Jones v. Paschke*, 2022-Ohio-2427, ¶ 6. The third requirement need not be met if the judges patently and unambiguously lack or lacked jurisdiction. *Id.* Relators must prove entitlement to the writ by clear and convincing evidence. *State ex rel. Evans v. McGrath*, 2018-Ohio-3018, ¶ 4.

{¶ 14} Relators also seek writs of mandamus and procedendo ordering the court of common pleas to dismiss *Miller II* or transfer it back to the municipal court and ordering Judge Wollscheid then to dismiss it. When a municipal court has improperly certified a case over which it lacked jurisdiction, writs of mandamus and procedendo, in addition to a writ of prohibition, may issue to order the common pleas court to return the entire matter to the municipal court and order the municipal court to dismiss the case without prejudice. *See State ex rel. Natl. Emp. Benefit Servs., Inc. v. Cuyahoga Cty. Court of Common Pleas*, 49 Ohio St.3d 49, 50-51 (1990).

5

### C.  Adequate remedy at law

{¶ 15} Before arguing their propositions of law, relators contend that they lack an adequate remedy in the ordinary course of the law because they cannot immediately appeal certain rulings related to the jurisdiction of the municipal court. Even assuming that relators cannot immediately appeal as to those issues, however, they will be able to appeal the court of common pleas' eventual judgment in *Miller II*.  At that time, they may challenge the judgment on the ground that the court of common pleas never had jurisdiction over the case because the case was not properly certified to it.  *See Liberty Retirement Community of Middletown, Inc. v. Hurston*, 2013-Ohio-4979, ¶ 6 (12th Dist.); *Calhoun, Kademenos, & Childress Co., L.P.A. v. Shepherd*, 2011-Ohio-496, ¶ 21-22 (5th Dist.).  The availability of appeal is an adequate remedy at law.  *State ex rel. Davies v. Schroeder*, 2020-Ohio-1045, ¶ 10.  Therefore, to succeed on their prohibition claim, relators must show that the court of common pleas patently and unambiguously lacks jurisdiction over *Miller II*.

### D.  Relators' propositions of law

{¶ 16} In arguing that they are entitled to the writs they have requested, relators assert three propositions of law.  We address each in turn.

#### 1.  The municipal court's jurisdiction over Miller II once it dismissed the case

{¶ 17} As their first proposition of law, relators argue that Judge Wollscheid lacked jurisdiction to take action in *Miller II* once she dismissed the case.  As a general rule, "[w]hen a trial court unconditionally dismisses a case . . . , the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction."  *Page v. Riley*, 1999-Ohio-290, ¶ 8; *accord State ex rel. Rice v. McGrath*, 62 Ohio St.3d 70, 71 (1991).  Judge Wollscheid dismissed *Miller II* before Miller's proffered answer and counterclaims were docketed, and relators argue that the municipal court therefore lacked jurisdiction to take further actions in the case, including ordering the clerk

of court to docket the answer and counterclaims and certifying the case to the court of common pleas.

{¶ 18} However, once a court properly reinstates a case (or, in the language used in *Miller II*, designates a case "active"), the court generally has jurisdiction to proceed in the case. *See State ex rel. Gideon v. Page*, 2024-Ohio-4867, ¶ 14-15. It is true that generally, trial courts may not *sua sponte* vacate a judgment or reinstate a case. *See Osborne v. Kroger Co.*, 2020-Ohio-6757, ¶ 14 (10th Dist.); *E.H. v. T.S.*, 2015-Ohio-5444, ¶ 5 (3d Dist.) ("The trial court 'patently and unambiguously' lacked jurisdiction to sua sponte reopen the case."); *Ohio Receivables, L.L.C. v. Landaw*, 2010-Ohio-1804, ¶ 6 (9th Dist.) ("When neither party has petitioned the court for modification of a judgment entry, the court may not effectively vacate a prior order by entering a new one sua sponte."). But a trial court does not patently and unambiguously lack jurisdiction to vacate a dismissal upon a party's filing of a motion for relief from judgment, even if the motion does not cite Civ.R. 60(B). *Gideon* at ¶ 15-16; *see also Mathias v. Dutt*, 2002-Ohio-756, ¶ 7 (9th Dist.) (discussing other avenues by which a party may seek amendment of a judgment).

{¶ 19} Instead of filing a motion seeking relief from judgment under Civ.R. 60(B), Miller filed a motion under R.C. 2701.20(B). That provision allows a motion for an order "requir[ing a] clerk to accept [a] document for filing" if the clerk has refused to do so. In her motion, Miller requested an order directing the clerk of the municipal court to file her answer and counterclaims and asked that the order "designate the case active for adjudication of counterclaims." Miller argued that her counterclaims in *Miller II* were not identical to those asserted in *Miller I* and that she "asserts her right to have her counterclaims heard."

{¶ 20} Little precedent has interpreted R.C. 2701.20. The text of the statute does not address a party's request to reinstate a case as part of a motion for an order requiring a clerk to accept a document for filing. But here, Judge Wollscheid dismissed *Miller II* in part *because* the clerk of the municipal court did not docket

Miller's answer and counterclaims when she received them. In turn, Miller's motion sought correction of the clerk's alleged error and requested reinstatement of the case. Indeed, Judges Wollscheid and Bender argue that the motion could have been considered a Civ.R. 60(B) motion for relief from judgment. After considering Miller's motion, Judge Wollscheid ordered the clerk to docket the answer and counterclaims and reinstated the case.[1]

{¶ 21} We hold that Judge Wollscheid did not patently and unambiguously lack jurisdiction to do so. Judge Wollscheid undisputedly had general subject-matter jurisdiction over the complaint in *Miller II*. She initially dismissed the case, but she reinstated it after Miller filed a motion asking her to do so and asserting grounds supporting the request. Miller's failure to explicitly designate the motion as one seeking relief from judgment does not mean that Judge Wollscheid patently and unambiguously lacked jurisdiction to reinstate the case or to later vacate her dismissal. *See Gideon*, 2024-Ohio-4867, at ¶ 15-16. And because Judge Wollscheid then properly certified *Miller II* to the court of common pleas, Judge Bender does not patently and unambiguously lack jurisdiction over the case.

## 2. *The jurisdictional-priority rule*

{¶ 22} In support of their second proposition of law, relators invoke the jurisdictional-priority rule. They contend that under that rule, the municipal court lacked jurisdiction to take any action in *Miller II*, including certifying the case to the court of common pleas, and that the court of common pleas therefore lacks jurisdiction over *Miller II.*

{¶ 23} "Under the jurisdictional-priority rule . . . as between state courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution

---

1. Judge Wollscheid's order directed the clerk to "designate the case active for adjudication of the Counterclaims." This language perhaps created some ambiguity as to the status of relators' claims against Miller, but the judge's order certifying the case to the court of common pleas later clarified that she was certifying the case "in its entirety."

of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties." (Cleaned up.) *State ex rel. Dunlap v. Sarko*, 2013-Ohio-67, ¶ 9. "When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its proceedings." *John Weenink & Sons Co. v. Cuyahoga Cty. Court of Common Pleas*, 150 Ohio St. 349 (1948), paragraph three of the syllabus.

{¶ 24} UHG's complaints in *Miller I* and *Miller II* raise the same claims. They both seek a judgment for Miller's failure to repay the same loan, and they both allege a balance due of $12,630.90. Generally, municipal courts and courts of common pleas have concurrent jurisdiction over contract claims for that amount. *See* R.C. 1901.17, 1907.03(A), and 2305.01; *see also Starks v. Patrick*, 2004-Ohio-5654, ¶ 5 (12th Dist.).

{¶ 25} Although UHG's complaints in *Miller I* and *Miller II* raise the same claims, Miller's counterclaims do not. Relators argue otherwise, but they are wrong. Relators themselves (UHG's counsel in *Miller II*) are not defendants in *Miller I*'s counterclaims but are defendants in *Miller II*'s counterclaims. The counterclaims in *Miller II* allege that relators are debt collectors and that they took allegedly illegal actions after *Miller I* was filed. Notably, the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq., "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995); *accord Taylor v. First Resolution Invest. Corp.*, 2016-Ohio-3444, ¶ 11. Because Miller's counterclaims in *Miller II* concern actions that relators allegedly took after Miller filed her counterclaims in *Miller I*, she could not have asserted her counterclaims against relators in *Miller I*.

{¶ 26} Nevertheless, relators argue that because the complaints in *Miller I* and *Miller II* assert the same claims, the jurisdictional-priority rule applies. They

contend that because *Miller I* was pending in the court of common pleas when *Miller II* was filed, the municipal court never had jurisdiction over *Miller II*. No party, however, cites any precedent addressing the situation raised here: whether and how the jurisdictional-priority rule applies to a situation in which (1) a plaintiff brought two identical lawsuits in the same court, the first of which was certified to a different court before the second was filed, and (2) in response to the second lawsuit, the defendant raised different counterclaims that she could not have raised in response to the first lawsuit.

{¶ 27} We conclude that the jurisdictional-priority rule does not apply here. Because the municipal court has certified the claims and counterclaims in both *Miller I* and *Miller II* to the court of common pleas, the same court will be addressing all the claims. The primary problem that the jurisdictional-priority rule is designed to remedy—two courts deciding the same claim at the same time—is not present here. *See State ex rel. Consortium for Economic & Community Dev. for Hough Ward 7 v. Russo*, 2017-Ohio-8133, ¶ 10 ("The jurisdictional-priority rule exists to promote judicial economy and avoid inconsistent results.").

{¶ 28} Another purpose of the jurisdictional-priority rule is to protect a defendant from being "harassed and oppressed by two actions for the same cause where [the] plaintiff has a complete remedy by one of them," *State ex rel. Maxwell v. Schneider*, 103 Ohio St. 492, 496 (1921); *see State ex rel. Otten v. Henderson*, 2011-Ohio-4082, ¶ 28 (citing *Maxwell* in discussing the jurisdictional-priority rule). Here, however, it is not Miller who is seeking protection under the rule, as relators themselves brought the case that they now argue should be barred by the jurisdictional-priority rule. Relators seek to use the rule to shield themselves from counterclaims arising out of the claims they asserted in *Miller II*. Therefore, we conclude on these facts that the jurisdictional-priority rule does not apply.

### 3. *The municipal court's jurisdiction over the monetary amount of the counterclaims*

{¶ 29} As their third proposition of law, relators argue that once Judge Wollscheid dismissed the complaint in *Miller II*, she lacked jurisdiction over the counterclaims because the counterclaims exceeded the municipal court's jurisdiction. Although relators frame this argument as a separate proposition of law, the argument largely overlaps with their first proposition of law, and we reject it for the same reasons.

{¶ 30} Relators are correct that the monetary amount claimed by the counterclaims in *Miller II* exceeds the monetary jurisdiction of the municipal court. *See* R.C. 1901.17. If Judge Wollscheid had not reinstated the case, she would not have had jurisdiction over the counterclaims, because the counterclaims would have in effect been their own action. But as explained above, the municipal court did not lack jurisdiction to reinstate the case. Because Judge Wollscheid reinstated the case, the counterclaims are part of the same case as relators' complaint and the judge properly certified the case to the court of common pleas. *See* R.C. 1901.22(E).

### III. CONCLUSION

{¶ 31} The court of common pleas does not patently and unambiguously lack jurisdiction over *Miller II*. Therefore, relators are not entitled to a writ of prohibition preventing Judge Bender from exercising jurisdiction over the case. Nor are relators entitled to writs of mandamus or procedendo ordering Judge Bender to return *Miller II* to the municipal court and ordering Judge Wollscheid to dismiss the case. Therefore, we deny the writs. In addition, we deny relators' motion to certify the record.

Writs denied.

_____

Gallagher Sharp, L.L.P., Richard C.O. Rezie, and Lori E. Brown, for

relators.

FBT Gibbons, L.L.P., Frank J. Reed Jr., and Anthony R. Severyn, for respondents.

Susan M. Gray; and The Misra Law Firm, L.L.C., and Anand N. Misra, for intervening-respondent.

_____