[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Samarghandi v. Ferenc,* Slip Opinion No. 2017-Ohio-1413.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-1413

THE STATE EX REL. SAMARGHANDI ET AL., APPELLANTS, *v.* FERENC, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Samarghandi v. Ferenc,* Slip Opinion No. 2017-Ohio-1413.]

*Prohibition—Prohibition will not lie to prevent an anticipated erroneous judgment—Expense and inconvenience do not render an appeal an inadequate remedy in the ordinary course of the law—Judgment denying writ affirmed.*

(No. 2016-0837—Submitted February 7, 2017—Decided April 19, 2017.)

APPEAL from the Court of Appeals for Clermont County,

No. CA2016-02-010.

_____

**Per Curiam.**

{¶ 1} We affirm the Twelfth District Court of Appeals' dismissal of the complaint for a writ of prohibition filed by appellants, Majid Samarghandi, Richard T. Schock, Hamid Samarghandi, and Robert Stindt. Appellants and Grady D. Reed

II are all shareholders in a closely held corporation. In an October 2010 complaint filed in the Clermont County Court of Common Pleas, Reed alleged that appellants had breached the shareholders' agreement. He demanded relief in the form of money damages.

{¶ 2} Appellee, Judge Richard P. Ferenc, presided over a four-day jury trial of Reed's claim in June 2013. At the close of appellants' case-in-chief, Reed requested a directed verdict in his favor on part of his claim and appellants requested a directed verdict in their favor based, in part, on their argument that Reed had failed to introduce any evidence of money damages. Judge Ferenc granted Reed's motion for a directed verdict and awarded him money damages, apportioning the liability among appellants in proportion to their shares in the corporation.

{¶ 3} The Twelfth District Court of Appeals reversed the trial court's decision, concluding that the court had erred by treating the complaint as an action for money damages when the only remedy available was specific performance and by denying appellants the opportunity to present equitable defenses to Reed's claim. *Reed v. Triton Servs., Inc.*, 2014-Ohio-3185, 15 N.E.3d 936, ¶ 23, 37 (12th Dist.), *appeal not accepted*, 142 Ohio St.3d 1448, 2015-Ohio-1591, 29 N.E.3d 1003.

{¶ 4} On remand, Judge Ferenc denied as untimely appellants' motion for leave to file an amended answer and counterclaim (filed more than ten months after the case was remanded) and found that appellants had no right to a jury trial because Reed's predominant claim for relief was equitable in nature.

{¶ 5} Appellants sought a writ of prohibition from the court of appeals to enjoin Judge Ferenc from conducting a trial in the underlying case without first granting them leave to amend their answer, vacating his entry that denied their jury demand, and granting them a jury trial on all issues so triable. The appellate court

granted Judge Ferenc's motion to dismiss the complaint, and appellants appealed the denial of the writ to this court.

{¶ 6} Appellants have requested oral argument in this appeal pursuant to S.Ct.Prac.R. 17.02. Because this case presents a "straightforward application of the prohibition standard," however, oral argument is not necessary. *See State ex rel. Chester Twp. v. Grendell*, 147 Ohio St.3d 366, 2016-Ohio-1520, 66 N.E.3d 683, ¶ 18.

{¶ 7} To be entitled to a writ of prohibition, appellants must establish that (1) Judge Ferenc exercised or is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy exists in the ordinary course of the law. *See State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12.

{¶ 8} Appellants have shown that Judge Ferenc has exercised judicial power by denying their motion to amend their answer and their demand for a jury trial and that he will exercise judicial power by trying the underlying breach-of-contract case. And they argue that Judge Ferenc's exercise of judicial power has erroneously deprived them of two rights—the right to amend their answer following the appellate court's decision recasting Reed's cause of action as a claim for specific performance and the right to have the case tried by a jury.

{¶ 9} But neither of the rights claimed by appellants is absolute, and the initial determination of their applicability is entrusted to the sound judgment of the trial court. *See*, *e.g.*, *Belding v. State ex rel. Heifner*, 121 Ohio St. 393, 169 N.E.301(1929), paragraph one of the syllabus (holding that Article 1, Section 5 of the Ohio Constitution guarantees the right of trial by jury for only those causes of action for which the right existed at common law); *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122, 573 N.E.2d 622 (1991)

(reviewing for abuse of discretion the denial of a motion to amend a pleading beyond the time limit established for amendment of right). And it is well settled that "[p]rohibition will not lie to prevent an anticipated erroneous judgment." *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 74, 701 N.E.2d 1002 (1998), citing *State ex rel. Heimann v. George*, 45 Ohio St.2d 231, 232, 344 N.E.2d 130 (1976).

**{¶ 10}** Appellants also contend that the remedy of appeal after a second trial is inadequate because they will be forced to endure the cost and delay of a second trial and appeal to obtain relief in a third trial. However, expense and inconvenience do not render an appeal an inadequate remedy for purposes of seeking an extraordinary writ. *State ex rel. Casey Outdoor Advertising, Inc. v. Ohio Dept. of Transp.*, 61 Ohio St.3d 429, 432, 575 N.E.2d 181 (1991), citing *State ex rel. Willis v. Sheboy*, 6 Ohio St.3d 167, 451 N.E.2d 1200 (1983), paragraph one of the syllabus.

**{¶ 11}** Appellants have failed to establish that Judge Ferenc's exercise of judicial power is unauthorized by law and that they do not have an adequate remedy by way of appeal from his adverse rulings. They have therefore failed to establish their entitlement to a writ of prohibition. We affirm the judgment of the court of appeals. Costs are taxed to appellants.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Hemmer DeFrank Wessels, P.L.L.C., Scott R. Thomas, and Matthew T. Cheeks, for appellants.

D. Vincent Faris, Clermont County Prosecuting Attorney, and G. Ernie Ramos Jr., Assistant Prosecuting Attorney, for appellee.

_____