[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Gideon v. Page*, Slip Opinion No. 2024-Ohio-4867.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-4867

THE STATE EX REL. GIDEON, APPELLANT, *v.* PAGE, JUDGE, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Gideon v. Page*, Slip Opinion No. 2024-Ohio-4867.]

*Prohibition—Judge in underlying eminent-domain appropriation case did not patently and unambiguously lack jurisdiction to vacate her prior entry dismissing the case without prejudice or to conduct proceedings in the case once entry had been vacated—*Infinite Sec. Solutions, L.L.C. v. Karam Properties II, Ltd., *distinguished—Court of appeals' dismissal of complaint affirmed.*

(No. 2024-0573—Submitted September 3, 2024—Decided October 10, 2024.)

APPEAL from the Court of Appeals for Franklin County, No. 23AP-492, 2024-Ohio-1219.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} This case is a direct appeal in prohibition from the Tenth District Court of Appeals concerning an underlying eminent-domain appropriation case. Appellant, Mark R. Gideon, argues that appellee Judge Jaiza N. Page of the Franklin County Court of Common Pleas lacked jurisdiction to vacate a dismissal order in the appropriation case. The City of Worthington, the plaintiff in the appropriation case, is also an appellee. Judge Page and Worthington filed motions to dismiss, which the court of appeals granted. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The underlying appropriation case*

{¶ 2} Gideon owns property in Worthington. In September 2021, Worthington filed an eminent-domain appropriation action against Gideon in the Franklin County Court of Common Pleas to obtain an easement on his residential property in order to install a new sewer. Judge Page presided over the case.

{¶ 3} In October 2022, Gideon and Worthington agreed to a settlement during a conference with a magistrate. On October 12, Judge Page issued a journal entry ordering counsel to prepare an appropriate entry for her approval within 60 days or else she would consider dismissing the case. The parties, however, never signed a settlement agreement, nor did they submit an entry to the court.

{¶ 4} On January 10, 2023, Judge Page dismissed the case without prejudice. Her judgment entry stated in full:

> The Court notified the parties and/or counsel herein that an
> entry of dismissal must be submitted to the Court within Sixty (60)
> days of the notice of settlement, or the case would be dismissed

pursuant to Loc.R. 25.03[1] and Civ.R. 41. The parties have failed to submit an appropriate entry to the Court, and have failed to notify the Court, in writing, as to the cause of such delay. Therefore, the Court hereby **ORDERS** that this case be **DISMISSED** without prejudice. The Clerk shall terminate the case from the Court's active docket.

The parties may hereafter submit an amended entry reflecting the terms of the settlement and/or dismissal.

(Boldface and capitalization in original.)

{¶ 5} On February 8, Worthington filed a "motion to vacate dismissal and enforce settlement agreement" in the trial court. The motion did not expressly invoke Civ.R. 60(B). Gideon opposed the motion, arguing that Judge Page lost jurisdiction over the case when she entered the dismissal entry. Judge Page held a hearing on the motion, during which Worthington argued that she could vacate the dismissal under both Civ.R. 60(B) and her inherent authority. On July 6, Judge Page granted the motion in part, vacated the dismissal, and scheduled a hearing for August 24 to decide whether to enforce the settlement agreement.

{¶ 6} Gideon appealed the July 6 order to the Tenth District. The Tenth District dismissed the appeal for lack of a final, appealable order.

### B. Procedural history of the prohibition action

{¶ 7} On August 15, 2023, Gideon filed his complaint in this prohibition action against Judge Page and Worthington in the Tenth District. He sought a writ of prohibition to prevent Judge Page from taking any further action in the

---

1. Loc.R. 25.03 of the Franklin County Court of Common Pleas provides: "Counsel shall promptly submit an entry of dismissal to the Trial Judge following settlement of any case. If counsel fails to present such an entry to the Trial Judge within 20 days after representation to the Trial Judge that a case has been settled, the Trial Judge may order the case dismissed for want of prosecution."

appropriation case and to "correct" any "jurisdictionally unauthorized" orders issued since the January 2023 dismissal. He argued that Judge Page patently and unambiguously lost jurisdiction over the case when she dismissed it in January. Judge Page continued the hearing she had scheduled for August 24 on enforcement of the settlement agreement until the Tenth District issued its decision in the prohibition action.

{¶ 8} Judge Page and Worthington both filed Civ.R. 12(B)(6) motions to dismiss Gideon's prohibition complaint. On March 29, 2024, the Tenth District granted the motions to dismiss and dismissed the case. On April 24, Gideon appealed as of right to this court.

{¶ 9} On May 29, Gideon filed a motion for emergency stay of the proceedings in the eminent-domain case pending resolution of this appeal. We denied that motion on June 7. 2024-Ohio-2202.

## II.  LEGAL ANALYSIS

### A.  Gideon's motion for oral argument

{¶ 10} Gideon has filed a motion for oral argument. We have discretion to grant oral argument in a direct appeal, S.Ct.Prac.R. 17.02(A). In exercising that discretion, we consider whether the case involves complex issues, a matter of great public importance, a substantial constitutional issue, or a conflict among courts of appeals, *Boler v. Hill*, 2022-Ohio-507, ¶ 14. This case involves none of these factors, so we deny Gideon's motion.

### B.  We affirm on the merits

{¶ 11} Gideon appeals the Tenth District's judgment granting Judge Page's and Worthington's Civ.R. 12(B)(6) motions to dismiss. We review de novo a court of appeals' decision to dismiss a prohibition action. *Turner v. Kelsey*, 2024-Ohio-1506, ¶ 5. A court may grant a motion to dismiss for failure to state a claim upon which relief can be granted "if, after all factual allegations of the complaint are presumed true and all inferences are made in the relator's favor, it appears beyond

doubt that he can prove no set of facts entitling him to the" requested relief. *State ex rel. Russell v. Thorton*, 2006-Ohio-5858, ¶ 9.

{¶ 12} To state a claim for a writ of prohibition, Gideon must allege that (1) Judge Page has exercised or is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Elder v. Camplese*, 2015-Ohio-3628, ¶ 13. However, if Judge Page patently and unambiguously lacks jurisdiction, Gideon need not establish the lack of an adequate remedy at law. *Id.* Gideon's brief states in passing in a single sentence that he lacks an adequate remedy at law, but he does not develop this argument, and he primarily argues that Judge Page patently and unambiguously lacked jurisdiction to vacate the dismissal order and enforce the settlement. We therefore analyze whether Judge Page patently and unambiguously lacked jurisdiction. *See In re Columbus S. Power Co.*, 2011-Ohio-2638, ¶ 19 ("it is not generally the proper role of this court to develop a party's arguments").

{¶ 13} Gideon argues that once Judge Page dismissed the case in January 2023, she patently and unambiguously lacked jurisdiction to vacate that order and patently and unambiguously lacked jurisdiction to enforce any settlement. Gideon primarily relies on *Infinite Sec. Solutions, L.L.C. v. Karam Properties II, Ltd.*, 2015-Ohio-1101, in which we held that a "trial court has jurisdiction to enforce a settlement agreement after a case has been dismissed only if the dismissal entry incorporated the terms of the agreement or expressly stated that the court retained jurisdiction to enforce the agreement," *id.* at syllabus. In *Karam*, we rejected the argument that a dismissal entry "need only allude or refer to a settlement" for the court to retain jurisdiction. *Id.* at ¶ 26. Gideon emphasizes that here, Judge Page's dismissal entry did not incorporate the terms of the settlement agreement or expressly state that the court was retaining jurisdiction to enforce it.

**{¶ 14}** *Karam*, however, is not applicable here, because the trial court in *Karam* had not vacated its dismissal entry before it attempted to enforce a settlement agreement. *See Karam* at ¶ 11. In *Karam*, we remanded the case to the trial court to consider whether the appellant was entitled to relief under Civ.R. 60(B). *Id.* at ¶ 33. In contrast, here, Judge Page, upon Worthington's motion, vacated her dismissal entry before attempting to enforce the settlement agreement. Judge Page did not patently and unambiguously lack jurisdiction to do so.

**{¶ 15}** When a common pleas court patently and unambiguously lacks jurisdiction over a case, "it is almost always because a statute explicitly removed that jurisdiction." *Ohio High School Athletic Assn. v. Ruehlman*, 2019-Ohio-2845, ¶ 9. No statute removes the trial court's jurisdiction here, so it unquestionably had subject-matter jurisdiction over the appropriation case, *see Schlegel v. Sweeney*, 2022-Ohio-3841, ¶ 12. Moreover, under Civ.R. 60(B), a trial court may, upon motion, vacate a final judgment, order, or proceeding for multiple reasons, including mistake, surprise, fraud, and "any other reason justifying relief from the judgment." Here, at a minimum, Judge Page had jurisdiction to determine whether these grounds existed, and she therefore did not patently and unambiguously lack jurisdiction to hear Worthington's motion and vacate the dismissal. *See State ex rel. Verhovec v. Washington Cty. Court of Common Pleas*, 2013-Ohio-4518, ¶ 13 ("where a court has general subject-matter jurisdiction, it has the power to determine its own jurisdiction in the first instance").[2]

---

2. We note that there is some authority indicating that a Civ.R. 41(B)(1) involuntary dismissal without prejudice is not a "final judgment, order or proceeding" that may be vacated under Civ.R. 60(B). *See Selmon v. Crestview Nursing & Rehab. Ctr., Inc.*, 2009-Ohio-5078, ¶ 12 (7th Dist.); *Ebbets Partners, Ltd. v. Day*, 2007-Ohio-1667, ¶ 12, 14 (2d Dist.). *But see Lippus v. Lippus*, 2007-Ohio-6886, ¶ 9-12 (6th Dist.) (an involuntary dismissal under Civ.R. 41(B)(1) without prejudice is a final, appealable order if it affects substantial rights of the parties within the meaning of R.C. 2505.02(B)(1)). Gideon, however, does not cite this authority or argue that Judge Page's dismissal entry was not a final judgment. We therefore do not opine on this issue.

**{¶ 16}** Gideon also argues that Judge Page lacked jurisdiction to vacate the dismissal because Worthington's motion to vacate did not cite Civ.R. 60(B). Civ.R. 60(B) states that "[o]n motion," a court may vacate a final judgment, order, or proceeding, and several courts of appeals have held that a court may not do so sua sponte. *See Osborne v. Kroger Co.*, 2020-Ohio-6757, ¶ 14 (10th Dist.); *E.H. v. T.S.*, 2015-Ohio-5444, ¶ 5 (3d Dist.) ("The trial court 'patently and unambiguously' lacked jurisdiction to sua sponte reopen the case."). But here, Judge Page did not sua sponte reopen the case; Worthington filed a motion to vacate the dismissal. The motion did not explicitly cite the basis for the relief Worthington was seeking, but Gideon cites no authority requiring that a motion explicitly state what authority it is being filed under before a court has jurisdiction to consider it. And at the hearing on the motion, Worthington argued that Judge Page could vacate the dismissal under Civ.R. 60(B) or her inherent authority. At a minimum, Judge Page did not patently and unambiguously lack jurisdiction to consider Worthington's motion, and once she did so, she did not patently and unambiguously lack jurisdiction to grant it.

## III. CONCLUSION

**{¶ 17}** Judge Page did not patently and unambiguously lack jurisdiction to vacate the dismissal entry in the appropriation case, and once she did so, she did not patently and unambiguously lack jurisdiction to conduct proceedings in the case. Therefore, we affirm the judgment of the Tenth District Court of Appeals dismissing Gideon's prohibition complaint. We also deny Gideon's request for oral argument.

Motion denied<br>and judgment affirmed.

_____

Law Offices of James P. Connors and James P. Connors, for appellant.

G. Gary Tyack, Franklin County Prosecuting Attorney, and Brian D.

Zagrocki, Assistant Prosecuting Attorney, for appellee Judge Jaiza N. Page.

Frost Brown Todd, L.L.P., Yazan S. Ashrawi, and Thaddeus M. Boggs, for appellee City of Worthington.

_____