[Cite as *SER Liquidation Dealz, L.L.C. v. Hummer*, 2026-Ohio-193.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Liquidation Dealz, LLC, | : | |
| Relator, | : | |
| v. | : | No.  25AP-488 |
| The Honorable Mark A. Hummer, Judge, Franklin County Municipal Court, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on January 22, 2026

**On brief:** *Ambrose Moses, III*, for relator.

**On brief:** *Zach Klein,* City Attorney, and *Matthew D. Sturtz,* for respondent.

IN MANDAMUS and PROHIBITION
ON RESPONDENT'S MOTION TO DISMISS

BEATTY BLUNT, J.

{¶ 1}    Relator, Liquidation Dealz, LLC, has filed a complaint for writs of mandamus and prohibition against respondent, the Honorable Mark A. Hummer, judge of the Franklin County Municipal Court. Relator requests that this court issue a writ of mandamus ordering respondent to immediately dismiss a case pending before him for lack of jurisdiction, and a writ of prohibition ordering respondent to cease all proceedings in the pending case.  Respondent has filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).

{¶ 2}    Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate.  The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended

hereto. The magistrate concluded that, presuming all factual allegations contained in the complaint are true and making all reasonable inferences in favor of relator, relator cannot establish that respondent patently and unambiguously lacks jurisdiction in the underlying matter or that denying the writ would result in an injury for which there is no adequate remedy at law. As such, relator cannot prevail on its claim for a writ of prohibition. The magistrate likewise found that relator's petition fails to state a claim in mandamus because relator possesses an adequate remedy at law through appeal of any final judgment reached by respondent. Therefore, because relator cannot establish the third requirement for the issuance of a writ of mandamus, i.e., the lack of an adequate remedy at law, relator cannot prevail on its claim for a writ of mandamus. Accordingly, the magistrate recommended this court grant the motion to dismiss filed by respondent and dismiss relator's complaint and action.

{¶ 3} No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

{¶ 4} Upon review, we have found no error in the magistrate's findings of fact or conclusions of law or other defect evident on the face of the magistrate's decision. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and the conclusions of law therein, and conclude that relator has not shown it is entitled to either a writ of prohibition or a writ of mandamus, and this action must be dismissed.

*Action dismissed*.

MENTEL and EDELSTEIN, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Liquidation Dealz, LLC, | : | |
| Relator, | : | |
| v. | : | No. 25AP-488 |
| The Honorable Mark A. Hummer,<br>Judge, Franklin County Municipal Court, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on October 24, 2025

*Ambrose Moses, III*, for relator.

*Zach Klein,* City Attorney, and *Matthew D. Sturtz,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 5} Relator Liquidation Dealz, LLC has filed a petition for writ of mandamus and prohibition, naming as respondent the Honorable Mark A. Hummer, judge of the Franklin County Municipal Court. Relator requests the issuance of (1) a writ of mandamus ordering respondent to immediately dismiss a pending case for lack of jurisdiction and (2) a writ of prohibition ordering respondent to cease all proceedings in the pending case. Respondent has filed a motion to dismiss. For the following reasons, it is the decision and recommendation of the magistrate that respondent's motion to dismiss should be granted.

**I. Findings of Fact**

{¶ 6} 1. Relator filed its petition in the instant matter on June 18, 2025.

{¶ 7} 2. In the petition, relator alleges that it is a limited liability company organized under Ohio law.

{¶ 8} 3. Relator alleges that it is the defendant in *Husein v. Liquidation Dealz*, Franklin M.C. No. 2022 CVF 009365 (hereinafter referred to as "the underlying case"), a case which is currently pending before respondent. According to relator, the underlying case was filed by Same T. Husein on March 31, 2022 for monetary damages arising out of an alleged breach of a leasing agreement. On April 24, 2023, the underlying case was allegedly dismissed without prejudice pursuant to Civ.R. 41 based on representations of counsel that the parties had resolved their dispute through settlement. On April 26, 2024, Husein allegedly filed a motion to reopen the underlying case. On May 29, 2024, respondent allegedly granted the motion to reopen "purportedly for the limited purpose of determining the validity, scope and alleged breach of the settlement agreement." (Petition at 3.) On December 4, 2024, relator allegedly filed a motion to dismiss the proceedings in the underlying case. On May 15, 2025, respondent allegedly entered an order denying relator's December 4, 2024 motion to dismiss and scheduled the underlying matter for trial.

{¶ 9} 4. Attached to relator's petition is a document purportedly representing a copy of the May 15, 2025 entry in the underlying case, which provides as follows:

> This matter is before the Court on Defendant's motion to dismiss and Plaintiff's memorandum in opposition. Upon review, Defendant's motion will be denied.
>
> On April 24, 2023, the parties represented to the Court that this matter was resolved so the Court dismissed this case. The Court's dismissal stated: "This matter is now terminated by settlement and, pursuant to Ohio Civil Rule 41, dismissed without prejudice as to all claims unless the parties, pursuant to the terms of their settlement agreement, file an agreed substitute Entry within the sixty (60) day time period above stated, *or the case is reopened for good cause shown upon proper petition of one or more parties to this action.*"
>
> According to Plaintiff, a substitute settlement agreement was not filed with the Court because "Defendant failed to execute a settlement agreement for over a year." Given this, it would be fundamentally unfair to dismiss Plaintiff's case. The Court finds that good cause to reopen this case has been shown and Defendant's motion to dismiss is DENIED.

(Emphasis in original.) (Compl. at 8, Ex. 1.)

{¶ 10} 5. Relator's petition also includes a document purportedly representing a March 2, 2023 entry in the underlying case and a document purportedly representing a copy of relator's motion to dismiss in the underlying case.

{¶ 11} 6. Relator petitions this court to grant the following relief: (1) "Issue a Writ of Mandamus directing Respondent to immediately dismiss Case No. 2022 CVF 009365 for lack of jurisdiction"; and (2) "Issue a Writ of Prohibition directing Respondent to cease all proceedings in Case No. 2022 CVF 009365." (Petition at 5.) Relator also seeks costs, reasonable attorney's fees, and such other relief as deemed just and proper.

{¶ 12} 7. On August 6, 2025, respondent filed a motion to dismiss relator's petition pursuant to Civ.R. 12(B)(6).

{¶ 13} 8. On August 20, 2025, relator filed a memorandum in opposition to relator's motion to dismiss.

{¶ 14} 9. On August 27, 2025, respondent filed a reply in support of the motion to dismiss.

## II. Discussion and Conclusions of Law

{¶ 15} Initially, it is noted that relator's petition is captioned as a "petition for writ of mandamus," even though relator requests relief in the form of both a writ of mandamus and a writ of prohibition. Accordingly, despite the caption, relator's petition is considered as one seeking relief in both mandamus and prohibition.

{¶ 16} Respondent has filed a motion to dismiss relator's petition pursuant to Civ.R.12 (B)(6) for failure to state a claim upon which relief can be granted.

### A. Applicable Standards and Requirements

*1. Review of a Motion to Dismiss Under Civ.R. 12(B)(6)*

{¶ 17} A motion to dismiss for failure to state a claim under Civ.R.12 (B)(6) is procedural and tests the sufficiency of the petition or complaint. *See State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, ¶ 9, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989).When ruling on a Civ.R.12 (B)(6) motion, a court is permitted to consider certain "documents attached to or incorporated into the complaint. *State ex rel. Gordon v. Summit Cty. Court of Common*

*Pleas*, 2025-Ohio-2927, ¶ 8. *See* Civ.R. 10(C) ("A copy of any written instrument attached to a pleading is a part of the pleading for all purposes.").

{¶ 18} When reviewing the sufficiency of a petition in resolving a Civ.R.12 (B)(6) motion, a court must presume all factual allegations in the petition to be true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Despite this presumption regarding factual allegations, "unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss." *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 12.

### 2. Requirements for a Writ of Prohibition

{¶ 19} "[T]he purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *State ex rel. Tubbs Jones v. Suster*, 1998-Ohio-275, ¶ 5.In order for a writ of prohibition to issue, relator must establish that (1) respondent is about to exercise or has exercised judicial or quasi-judicial authority, (2) the exercise of that authority is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Durrani v. Ruehlman*, 2016-Ohio-7740, ¶ 13. A writ of prohibition, as an extraordinary remedy, is "customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies." *State ex rel. Henry v. Britt*, 67 Ohio St.2d 71, 73 (1981).

### 3. Requirements for a Writ of Mandamus

{¶ 20} The purpose of a writ of mandamus is "to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station." *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166 (1977). In order for a writ of mandamus to issue, relator must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Russell v. Klatt*, 2020-Ohio-875, ¶ 7. For purposes of a motion to dismiss, " '[a] complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the

claim asserted.' " *Hanson* at ¶ 10, quoting *State ex rel. Alford v. Willoughby Civ. Serv. Comm.*, 58 Ohio St.2d 221, 224 (1979).

## B. Analysis

{¶ 21} In the motion to dismiss, respondent asserts that relator's petition fails to state a claim in either prohibition or mandamus.

*1. Relator's Petition Fails to State a Claim in Prohibition*

{¶ 22} Respondent does not dispute the first element of a claim for a writ of prohibition, i.e., respondent is about to exercise or has exercised judicial or quasi-judicial power. Even so, and presuming the factual allegations in the complaint to be true and making all reasonable inferences in favor of relator as the nonmoving party, relator cannot establish either of the remaining elements necessary for a writ of prohibition to issue.

{¶ 23} With regard to the second element, relator cannot demonstrate respondent is exercising power unauthorized by law. According to relator, the underlying case involves a claim for monetary damages arising out of an alleged breach of a leasing agreement. Upon representations that the matter had been settled, the underlying case was allegedly dismissed without prejudice. Around a year later, the plaintiff allegedly filed a motion to reopen the underlying case, which was granted by respondent "purportedly for the limited purpose of determining the validity, scope and alleged breach of the settlement agreement." (Petition at 3.)

{¶ 24} Relator does not assert that the Franklin County Municipal Court—the court on which respondent serves—lacks subject-matter jurisdiction over the type of claim at issue in the underlying case. Nor would such a claim be meritorious. "Unlike courts of common pleas, which are created by the Ohio Constitution and have statewide subject-matter jurisdiction, . . . municipal courts are statutorily created, R.C. 1901.01, and their subject-matter jurisdiction is set by statute." *Cheap Escape Co. v. Haddox, L.L.C.*, 2008-Ohio-6323, ¶ 7. R.C. 1901.18(A) sets forth the original jurisdiction of a municipal court over a list of specified actions or proceedings within the territory of the court, subject to the monetary jurisdictional limit for municipal courts in R.C. 1901.17. The list of enumerated actions within a municipal court's jurisdiction includes, for example, "any civil action, of whatever nature or remedy" over "which judges of county courts have jurisdiction." R.C.

1901.18(A)(1). *See Urbana ex rel. Newlin*, 43 Ohio St.3d 109, 110 (1989). Additionally, municipal courts have jurisdiction over "any action at law based on contract," such as breach-of-contract cases. R.C. 1901.18(A)(3). *See Cheap Escape* at ¶ 7. At present, the monetary jurisdictional limit of a municipal court is $15,000. R.C. 1901.17.

{¶ 25} The underlying case, according to relator's petition, involved a claim for monetary damages arising out of an alleged breach of a lease agreement. Relator does not allege that the underlying case exceeded the municipal court's monetary jurisdictional limit or was outside of the territorial jurisdiction of the court. Under R.C. 1901.18(A), a municipal court possesses jurisdiction over a breach-of-contract action. Thus, as provided by statute, respondent has subject-matter jurisdiction to hear the underlying case.

{¶ 26} Relator is also unable to establish the third element necessary for the issuance of a writ of prohibition. Relator does not allege that it cannot or will be unable to avail itself of an adequate remedy by law. Rather, relator asserts that it will suffer "ongoing prejudice, expense, and harm if required to participate in proceedings that exceed Respondent's jurisdiction." (Petition at 5.) However, "expense and inconvenience do not render an appeal an inadequate remedy for purposes of seeking an extraordinary writ." *State ex rel. Samarghandi v. Ferenc*, 2017-Ohio-1413, ¶ 10. And merely because "an appeal would not afford instant relief, as a writ would, does not render the right of appeal an inadequate remedy." *State ex rel. Roush v. Montgomery*, 2018-Ohio-2098, ¶ 7 (10th Dist.) (finding an adequate remedy at law because a party could "adequately represent his rights in those [underlying] proceedings and appeal any adverse decision"). Respondent is able to determine his court's jurisdiction, and relator has an adequate remedy by way of direct appeal to contest any asserted error in that determination. *See State ex rel. Tri Eagle Fuels, L.L.C. v. Dawson*, 2019-Ohio-2011, ¶ 15.

{¶ 27} Instead of directly challenging the municipal court's subject-matter jurisdiction, relator asserts that respondent lacks jurisdiction because the court's entry dismissing the underlying case "completely extinguished the court's jurisdiction." (Petition at 4.) Further, relator asserts that respondent "did not explicitly retain jurisdiction to enforce the settlement agreement or relitigate the original claims." *Id*. However, this assertion attacks the court's exercise of jurisdiction, not whether it possesses subject-matter jurisdiction.

{¶ 28} " 'Jurisdiction' means 'the courts' statutory or constitutional power to adjudicate the case.' " *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11, quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998). This term in its general sense "encompasses jurisdiction over the subject matter and over the person." *Pratts* at ¶ 11. "Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19. "A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case." *Kuchta* at ¶ 19. However, the term "jurisdiction" is also "used when referring to a court's exercise of its jurisdiction over a particular case," meaning a "trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction." (Quotations and citations omitted.) *Pratts* at ¶ 12.

{¶ 29} It is in this general sense of the term "jurisdiction" that relator attacks respondent's exercise of its jurisdiction over the underlying case by asserting that the dismissal entry extinguished the court's jurisdiction. Nonetheless, if relator can show that respondent " 'patently and unambiguously' lack[s] jurisdiction," relator can satisfy the second and third elements of a prohibition claim, regardless of the ultimate availability of an appeal. *State ex rel. Huntington Natl. Bank v. Kontos*, 2015-Ohio-5190, ¶ 16. *See State ex rel. Gideon v. Page*, 2024-Ohio-4867, ¶ 12. (stating that if the responding judge "patently and unambiguously lacks jurisdiction," then the relator "need not establish the lack of an adequate remedy at law"). Yet, even presuming all factual allegations contained in the complaint to be true and making all reasonable inferences in relator's favor, relator cannot show respondent patently and unambiguously lacked jurisdiction.

{¶ 30} This matter bears substantial similarities to those in *Gideon*, an appeal of a prohibition action. In that case, Gideon, the relator, was a defendant in an eminent-domain appropriation case before the respondent trial court judge. The trial court judge dismissed the eminent-domain case without prejudice. Thereafter, the City of Worthington, the plaintiff in the eminent-domain case, filed a motion to vacate the dismissal and enforce the settlement agreement. The motion did not expressly invoke Civ.R. 60(B).

{¶ 31} Gideon requested a writ of prohibition before this court, asserting that once the trial court judge dismissed a case without prejudice, she patently and unambiguously lacked jurisdiction to vacate that dismissal order and patently and unambiguously lacked

jurisdiction to enforce any settlement. This court granted a motion to dismiss, and Gideon appealed to the Supreme Court of Ohio. On appeal, the Court found that "under Civ.R. 60(B),a trial court may, upon motion, vacate a final judgment, order, or proceeding for multiple reasons, including mistake, surprise, fraud, and 'any other reason justifying relief from the judgment.'" *Gideon* at ¶ 15. As a result, the Court found that "at a minimum," the trial court judge "had jurisdiction to determine whether these grounds existed, and she therefore did not patently and unambiguously lack jurisdiction to hear Worthington's motion and vacate the dismissal." *Id*. Gideon also argued that the trial court judge lacked jurisdiction to vacate the dismissal because Worthington's motion to vacate did not cite Civ.R. 60(B). The Court disagreed, holding that "[a]t a minimum," the trial court judge "did not patently and unambiguously lack jurisdiction to consider Worthington's motion, and once she did so, she did not patently and unambiguously lack jurisdiction to grant it." *Id*. at ¶ 16. As a result, the Court affirmed the dismissal of Gideon's prohibition complaint.

{¶ 32} Despite relator's arguments to the contrary in its memorandum in opposition to respondent's motion to dismiss, this matter is not distinguishable from *Gideon* in any significant way with regard to the question at issue: whether respondent patently and unambiguously lacked jurisdiction. First, relator asserts a procedural distinction exists. Relator asserts that the motion to reopen filed by the plaintiff in the underlying case was a "legal nullity," since "[i]f plaintiff sought relief from the dismissal entry, he was required to proceed under Civil Rule 60(B) or another recognized procedural rule." (Petition at 4.) Relator argues that this is unlike *Gideon*, which involved a "[p]roper Rule 60(B) motion." (Relator's Memo. in Opp. at 6.) But the motion at issue in *Gideon* also "did not expressly invoke Civ.R. 60(B)." *Gideon*, 2024-Ohio-4867, at ¶ 5. Moreover, even if relator is correct that the plaintiff in the underlying case was required to move under Civ.R. 60(B), relator cannot show that this rendered respondent patently and unambiguously lacking jurisdiction.

{¶ 33} The Supreme Court of Ohio has held that "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 2008-Ohio-545, ¶ 12. Further, it has been recognized that a court has discretion to construe an improperly labeled motion as a Civ.R. 60(B) motion, and that such a motion "may be so construed for the first time at the trial

level or on appeal." *In re Hess*, 2009-Ohio-7010, ¶ 15 (7th Dist.). *See Fredebaugh Well Drilling, Inc. v. Brower Contracting, Inc.*, 2005-Ohio-6084, ¶ 14 (11th Dist.) (stating that "a trial court may, in its discretion, construe an improperly captioned post-judgment motion as though it were a proper vehicle if it otherwise satisfies the necessary requirements of the vehicle" and finding that "appellees functionally met the requirements of Civ.R. 60(B) through their motion in opposition to appellant's motion for summary judgment"); *HSBC Bank USA v. Rao*, 2021-Ohio-3745, ¶ 14 (10th Dist.) (finding "trial court construed [the] motion as a motion for relief from judgment, and we will similarly construe [the] motion as one filed pursuant to Civ.R. 60(B)"). As such, any error with regard to the labeling of the plaintiff's motion in the underlying case cannot patently and unambiguously deprive respondent of jurisdiction. Just as in *Gideon*, respondent, at a minimum, did not patently and unambiguously lack jurisdiction to consider the plaintiff's motion in the underlying case. *See Gideon*, 2024-Ohio-4867, ¶ 16.

{¶ 34} Second, relator argues there are factual distinctions between *Gideon* and this case. Relator argues that "*Gideon* involved a dispute about whether a settlement had been properly completed," whereas "[t]his case involves no dispute that the settlement was agreed to." (Relator's Memo. in Opp. at 6.) In *Gideon*, the parties in the underlying case agreed to a settlement during a conference with a magistrate, but never signed a settlement agreement, or submitted an entry memorializing the settlement that was required by a court order. Here, relator argues that in this case "there were scrivener's errors that prevented the signing of the document memorializing the settlement." (Relator's Memo. in Opp. at 6.) Thus, relator admits that no settlement agreement was executed, just like in *Gideon*. Regardless, this purported distinction does not support a different outcome from *Gideon*, since—just like in that case—respondent did not patently and unambiguously lack jurisdiction to consider and rule on the motion before it.

{¶ 35} Relator also argues that "[t]he motion here was filed over one year after dismissal, demonstrating the type of unreasonable delay that undermines finality principles." *Id.* Civ.R. 60(B) provides that a motion on one of the bases listed in the rule "shall be made **within a reasonable time**, and *for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken*." (Emphasis added.) This temporal restriction would apply if the motion in question was to be construed

as a motion under Civ.R. 60(B)(1), (2), or (3). Yet, this does not mean that the trial court patently and unambiguously lacks jurisdiction even if the motion was filed over a year after the dismissal entry, since the one-year restriction applies only for Civ.R. 60(B) motions made on the first three bases provided under the rule. *See Home Sav. & Loan Co. v. Avery Place, LLC*, 2014-Ohio-1747, ¶ 11 (10th Dist.); *Len-Ran, Inc. v. Erie Ins. Grp.*, 2007-Ohio-4763, ¶ 22 (10th Dist.). Motions under Civ.R. 60(B)(4) or (5) need only be filed within a reasonable time. Again, respondent did not patently and unambiguously lack jurisdiction to resolve this question.

{¶ 36} Third, relator argues that "the constitutional analysis in this case-focusing on Due Process, Equal Protection, and separation of powers-was not presented to or decided by the *Gideon* court." (Relator's Memo. in Opp. at 6.) It is noted that relator did not raise any of these constitutional claims in its petition. Indeed, the only references to a constitution in the petition are made with regard to this court's authority in original actions under the Ohio Constitution. By not raising these constitutional claims in its petition or through an amended petition or complaint, relator has forfeited them for purposes of resolving the motion to dismiss. *See State ex rel. Mahajan v. State Med. Bd. of Ohio*, 2010-Ohio-5995, ¶ 18 ("We need not consider the merits of [the relator's] constitutional claim because he did not raise it in his complaint. Nor did he amend his complaint to raise this claim. And the [respondent] did not expressly or impliedly consent to its litigation."); *State ex rel. Van Dyke v. Pub. Emp. Retirement Bd.*, 2003-Ohio-4123, ¶ 42.

{¶ 37} Even if these claims were to be considered, as previously stated, relator possesses an adequate remedy at law by way of appeal. As a result, relator cannot demonstrate entitlement to relief in prohibition. *See generally Russell*, 2020-Ohio-875, at ¶ 9 (finding it was "unnecessary for the court to analyze the merits of [the relator's] constitutional claims" where the complaint was properly dismissed for failing to state a claim in mandamus for several reasons, including the availability of an adequate remedy at law through a motion for reconsideration or appeal). Though relator claims that the "constitutional violations are patent and unambiguous," relator does not support this argument with any citation to pertinent legal authority. (Relator's Memo. in Opp. at 9.) Rather, relator states the following:

- Due Process: Arbitrary acceptance of procedurally void motions

- Equal Protection: Inconsistent application of procedural rules
- Separation of Powers: Judicial action beyond legal authority.

(Emphasis removed.) *Id.* Nothing in these unsupported statements reflects that respondent patently and unambiguously lacks jurisdiction on due process, equal protection, or separation of powers grounds. Nor does this court need to accept unsupported legal conclusions such as these when resolving a motion to dismiss. *See Martre*, 2020-Ohio-4777, at ¶ 12.

{¶ 38} In conclusion, presuming all factual allegations contained in the complaint to be true and making all reasonable inferences in favor of relator, relator cannot establish that respondent patently and unambiguously lacks jurisdiction in the underlying matter or that denying the writ would result in an injury for which there is no adequate remedy at law. Accordingly, relator cannot prevail on its claim for a writ of prohibition.

*2. Relator's Petition Fails to State a Claim in Mandamus*

{¶ 39} Much like the claim in prohibition, relator's petition also fails to state a claim in mandamus. As previously explained, relator possesses an adequate remedy at law through appeal of any final judgment reached by respondent. Because relator cannot establish the third requirement for the issuance of a writ of mandamus, i.e., the lack of an adequate remedy at law, dismissal of relator's mandamus claim is warranted. *See State ex rel. Rashada v. Pianka*, 2006-Ohio-6366, ¶ 4-5 (finding "complaint failed to state a potentially viable mandamus claim" where complainant had "an adequate remedy at law by appeal to challenge" a judge's "rulings on her counterclaim in the municipal court case").

## C. Conclusion

{¶ 40} Presuming the factual allegations contained in the petition to be true and making all reasonable inferences in favor of relator as the nonmoving party, it is beyond doubt from the petition that relator can prove no set of facts entitling it to relief in prohibition or mandamus. Accordingly, it is the decision and recommendation of the magistrate that respondent's motion to dismiss should be granted and relator's complaint dismissed.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.